# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **P.A.**

**No.) 17-0704** (Mercer County 16-JA-77)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner C.C., former custodian of the child, by counsel John G. Byrd, appeals the Circuit Court of Mercer County's July 13, 2017, order terminating his custodial rights to P.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), P. Michael Magann, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his custodial rights when the mother was still completing her improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother, alleging that they abused the child due to instances of domestic violence and drug abuse. Petitioner, the mother's boyfriend, is not P.A.'s biological father. In its petition, the DHHR noted several instances of domestic violence between the couple and alleged that petitioner tested positive for Suboxone without a prescription. Petitioner waived his right to a preliminary hearing and the adjudicatory hearing was scheduled.

The circuit court held an adjudicatory hearing in June of 2016, during which petitioner stipulated to abusing and neglecting the child through domestic violence in the home and drug abuse. The circuit court accepted petitioner's stipulation and granted him a post-adjudicatory improvement period. As part of his improvement period, petitioner was required to participate in drug screens, execute a release to disclose his substance abuse treatment records, secure independent housing, and obtain employment.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held several review hearings to address petitioner's progress in his post-adjudicatory improvement period. Subsequent to the adjudicatory hearing, petitioner was arrested and charged with attempt to commit a felony and conspiracy, tested positive for cocaine following his release from incarceration, and had a mental hygiene petition filed against him. The DHHR requested that petitioner be ordered to undergo a psychological evaluation. The circuit court granted the DHHR's request and extended petitioner's improvement period. In March of 2017, the circuit court was advised that petitioner was arrested and incarcerated for a hit-and-run and driving with a suspended license. Petitioner was released and placed on home incarceration, but was arrested again because he violated the terms of his home incarceration. The circuit court scheduled a dispositional hearing.

In June of 2017, the circuit court held a dispositional hearing, during which it heard the testimony of a DHHR worker who testified that petitioner had not complied with the terms of his improvement period. Petitioner had been arrested several times and refused to seek long-term substance abuse treatment against the advice of the psychological evaluation report. Petitioner presented no evidence. The circuit court found that petitioner had not participated in his improvement period and did not want to have a relationship with the child. As such, the circuit court terminated petitioner's custodial rights.[2] It is from this dispositional order dated July 13, 2017, that petitioner appeals.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues on appeal that the circuit court erred in terminating his custodial rights when the mother was still completing her improvement period. Specifically, petitioner argues

---

[2]The mother successfully completed an improvement period and the petition against her was dismissed. The father's parental rights were involuntarily terminated and he did not appeal. The permanency plan for P.A. is to remain with her mother.

2

that a less-restrictive alternative to termination of his custodial rights would have been continuing his post-adjudicatory improvement period or granting him a post-dispositional improvement period as the proceedings were still ongoing regarding the mother. We disagree. We have previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the non[-]abusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id*. Although petitioner is not the child's parent, these holdings still apply to the termination of his custodial rights while leaving the mother's parental rights intact.

Moreover, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3), sets forth that a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie* S., 198 W.Va. at 79, 82 479 S.E.2d 589, 592 (1996).

Petitioner's argument that his custodial rights should not have been terminated because the mother was still completing her improvement period is meritless. Petitioner was not entitled to maintain his custodial rights simply because the mother was afforded more time in her case. Further, petitioner offered no argument at disposition or in his brief on appeal as to why he should be granted either an extension of his post-adjudicatory improvement period or a post-dispositional improvement period. In this case, petitioner failed to comply with the requirements of his post-adjudicatory improvement period, was arrested several times, and was incarcerated during part of the proceedings below. He did not attempt to enter into a long-term substance abuse treatment program, as was recommended by the evaluating psychologist in the psychological evaluation report. Petitioner tested positive for controlled substances during the proceedings and, at disposition, a DHHR worker testified that she had not seen petitioner in months. As such, we find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination of his custodial rights was necessary for the child's welfare. As mentioned above, circuit courts are directed to terminate custodial rights based upon these findings.

Accordingly, we find no error in the decision of the circuit court, and its July 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: February 23, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker